```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/10/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

FELIPE FERNANDEZ, on behalf of himself
and all others similarly situated,

          Plaintiff,

- against -

PORTLAND LEATHER GOODS, INC.,

          Defendant.

------------------------------------------------------------------------------X

24-cv-9007 (VSB) (HJR)

**REPORT AND RECOMMENDATION**

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Vernon S. Broderick, United States District Judge:**

    Plaintiff Felipe Fernandez filed his Complaint on November 25, 2024 (Dkt. No. 1), and a summons was issued on November 26, 2024 (Dkt. No. 4). Plaintiff then served the summons and Complaint on December 12, 2024. (Dkt. No. 6). Defendant's Answer was due by December 27, 2024. *Id.* To date, the docket reflects that Defendant has not appeared in this action nor responded to the Complaint.

    On February 11, 2025, Plaintiff was ordered to either initiate default judgment proceedings in accordance with Judge Broderick's Individual Rule 4.H or submit a status letter by February 28, 2025. Dkt. No. 7. Plaintiff was warned that failure to comply with that order could result in a recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41. *Id.*

    Plaintiff has neither initiated default judgment proceedings nor submitted a status letter or made any other communication to the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Plaintiff, who filed this case via counsel, has ignored a court order without explanation, after taking no action in this case for nearly three months. *See Murray v. Doe*, No. 24-CV-5849 (KMK), 2025 WL 623698, at *2 (S.D.N.Y. Feb. 26, 2025) (dismissing for failure to prosecute where plaintiff failed to respond to Order to Show Cause as to why the case should not be dismissed for failure to prosecute); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months (emphasis removed)). Because Plaintiff was explicitly cautioned that failure to comply with the order could result a recommendation of dismissal, I recommend that this case be dismissed under Rule 41(b) for failure to prosecute.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick and the undersigned, United States Courthouse, 40 Foley Square, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Broderick.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
       March 10, 2025

_____
Hon. Henry J. Ricardo
United States Magistrate Judge